UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHELLE J. IRONS,

                           Plaintiff           Case No. 16-CV-3708

        -against-               **COMPLAINT & JURY DEMAND**

THE CITY OF NEW YORK,

                         Defendant.
-----------------------------------------------------------X

Plaintiff Michelle J. Irons (hereinafter "Plaintiff,") as and for her complaint by her undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is a suit to obtain relief for discrimination on the basis of Plaintiff's race and gender, as well as retaliation arising from the discrimination which continues through her employment by the City of New York, (hereinafter "the City" through its agency, the New York City Police Department (hereinafter " the NYPD").

## VENUE

2. The basis of venue is Plaintiff's employment in Queens County and Queens County being the venue where the events alleged in the complaint occurred. Venue is proper in the United District Court for the Eastern District of New York pursuant to 28 U.S.C. §§1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3) in that the offices of defendants are within this district, a substantial part of the events giving rise to this claim arose in this district and records relevant to the practices complained of herein are located in this district.

## JURISDICTIONAL PREREQUISTE

3. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") and a right to sue letter was issued on June 3, 2016.

4. This complaint is filed within 90 days of June 3, 2016.

## PARTIES

5. The Plaintiff, Michele Irons is an African American woman, and is a Sergeant in the NYPD currently posted to the NYPD's 107th Precinct, located at Parson's Boulevard, Queens, New York.

6. Plaintiff Michele Irons is currently employed as a Sergeant in the NYPD.

7. At all times relevant Plaintiff, as an employee of the NYPD, a department of the City, is by virtue of that fact, an "employee" of the CITY within the meaning of the relevant statutes.

8. Upon information and belief, the CITY is a domestic government agency and is engaged in business in the state of New York, with an office and place of business in Queens, New York.

9. At all times relevant to this action, CITY was an "employer" for purposes of the common law of New York and the relevant statutes.

## FACTUAL ALLEGATIONS

10. From April 1, 2014, until today, Michele Irons has been subjected to gender discrimination by virtue of a hostile work environment, and has been subjected to continuous and continuing acts of retaliation because of a previous sexual harassment complaint and has been discriminated against on the basis of her race.

11. On or about May 5, 2014, Ms. Irons was falsely accused of scamming time by her supervisor, Lieutenant Michael Almonte, and was issued an unfair command discipline as a result.

2

12. On or about May 5, 2014, Lieutenant Almonte, unreasonably denied Ms. Irons application for emergency lost time which she requested in order to take her daughter to the hospital. After Ms. Iron's request was later granted and she left, Lieutenant Almonte unfairly charged her with a command discipline for discourtesy to a superior officer, as a result.

13. On or about July 30, 2014, Lieutenant Almonte verbally harassed and humiliated Sergeant Irons in the presence of another officer, by putting his cell phone to her face and saying in a loud and sarcastic voice "its not 0650, its 0649, keep it up".

14. On or about July 30, 2014, Lieutenant Almonte assessed Sergeant Irons' with a command discipline for failing to notify the desk officer that there was a hospitality prisoner, however, Lieutenant Almonte was fully aware of the fact that Sergeant Irons actually notified the desk officer that there was a hospitality prisoner and that the command discipline was un-deserved.

15. On or about March 1, 2015, Sergeant Iron's performance evaluation was unfairly downgraded to a 3.5 from a 4.0 on the orders of the Commanding Officer Captain Valerga due to the command disciplines brought against Sergeant Irons. This downgrading was unfair and served to further punish Sergeant Irons in retaliation for her earlier sexual harassment complaint.

16. Since April 2014, till date, plaintiff Michele Iron's has had to work in a sexist and hostile environment with Lieutenant David Camhi (white Male), Lieutenant Schroeder (white male), Lieutenant Michael Almonte (white male) and Captain Valerga (white male).

17. Lieutenant Camhi repeatedly makes derogatory comments about black and Hispanic women and he uses very vulgar language. Despite repeated complaints by Sergeant Irons,

3

Lieutenant Camhi's conduct is condoned and tolerated by Lieutenant Almonte, and Captain Valerga.

18. Lt. Schroeder has repeatedly harassed Ms. Iron's by telling her that he "loves black girls and that he thinks she is hot" and has invited her to engage in sexual relations with him, even though Sergeant Iron's made it clear to him that she was not interested in a sexual relationship. Despite Sergeant Iron's complaints, Lt. Schroeder's harassment of Sergeant Iron's is tolerated and condoned by Captain Valerga.

19. On or about March 26, 2015, plaintiff Michele Irons was verbally berated by both Lieutenant Almonte and Captain Valerga. Lieutenant Almonte asked Captain Valerga to suspend the plaintiff and Captain Valerga, after verbally berating the plaintiff, announced his intention to suspend her. Later that day, Captain Valerga informed the plaintiff that he was no longer going to suspend her.

20. Ms. Irons is the only black and female Supervisor working on the midnight shift along with three white males. All the white males got a 4.0 and or a 4.5 on their evaluations. One of the white males had been charged with beating up a prisoner while the prisoner was cuffed but he still received a performance evaluation rating of 4.5. Ms. Iron's on the other hand received a lower evaluation of 3.5 even though she performed as well or better than her white male counterparts.

21. Ms. Iron's receives lower evaluations than her white male counterparts even though her performance is better or comparable to theirs, only because of her gender.

22. Ms. Iron's receives lower evaluations than her white male counterparts even though her performance is better or comparable to theirs, only because of her race.

23. Ms. Iron's received an unfairly low performance evaluation from Lt. Schroeder because

4

        she rebuffed his sexual advances, and this misconduct was not addressed or corrected by Captain Valerga or Lieutenant Almonte although Ms. Iron's reported it.

24. The hostile actions of the City and its employees have left Plaintiff emotionally scarred and have caused her to suffer great emotional pain. These actions have also severely undermined Plaintiff's confidence as a professional.

25. The discriminatory actions of the Defendants are ongoing and continue to this day.

26. The facts which give rise to the within causes of action include but are in no way limited to the facts contained above.

## AS AND FOR A FIRST CAUSE OF ACTION

27. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

28. The Defendants discriminated against Plaintiff on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

30. The Defendants discriminated against Plaintiff on the basis of her race, in violation of New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A THIRD CAUSE OF ACTION

31. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

32. The Defendants discriminated against Plaintiff on the basis of her race, in violation of Administrative Code of the City of New York.

## AS AND FOR A FOURTH CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

34. The Defendants retaliated against Plaintiff because she complained about the discriminatory treatment she was subjected to as a result of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.

### AS AND FOR A FIFTH CAUSE OF ACTION

35. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.
36. The Defendants retaliated against Plaintiff because she complained about the discriminatory treatment she was subjected to as a result of her sex, in violation of New York State Executive Law.

### AS AND FOR A SIXTH CAUSE OF ACTION

37. Plaintiff adopts and incorporates each allegation set forth above in support of this count.
38. In light of the foregoing therefore, the Defendants retaliated against Plaintiff because she complained about the discriminatory treatment she was subjected to as a result of her sex, in violation of the Administrative Code of the City of New York.

### AS AND FOR A SEVENTH CAUSE OF ACTION

39. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.
40. The Defendants discriminated against Plaintiff on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

41. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.
42. The Defendants discriminated against Plaintiff on the basis of her sex, in violation of New York State Executive Law (Human Rights Law) §296.

### AS AND FOR A NINTH CAUSE OF ACTION

43. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

44. The Defendants discriminated against Plaintiff on the basis of her sex, in violation of Administrative Code of the City of New York.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Michele J. Irons demands judgment as follows:

a. Against the Defendants, declaring the acts and practices complained of herein are in violation of the Title VII of the Civil Rights Act of 1964, Human Rights Law of the City of New York and the Laws of the State of New York;

b. Enjoining and permanently restraining these violations of the Human Rights Law of the City of New York and the Laws of the State of New York;

c. Directing Defendants to pay Plaintiff an additional amount as compensatory damages for her pain and suffering;

d. Directing Defendants to pay Plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for Plaintiff's statutory rights;

e. Awarding Plaintiff such interest as is allowed by law;

f. Awarding Plaintiff reasonable attorney's fees and costs;

g. Trial by Jury; and

h. Granting such and further relief as this Court deems necessary and proper.

Awarding Plaintiff, Michele J. Irons, such damages as may be proved at trial, including reinstatement, back pay, front pay, compensatory damages, and punitive damages as well as costs and disbursements of this action.

Dated:    New York, New York    Respectfully submitted,
               July 3, 2016

*(signature)*

Chukwuemeka Nwokoro (CN-1038)
Nwokoro & Scola, Esquires
Attorney for Plaintiff Michele Irons
48 Wall Street, 11th Floor
New York, NY 10005
(212) 785-1060
Emekanwokoro101@yahoo.com